Scott M. Seidel, Esq.
Texas Bar No. 17999450
SEIDEL LAW FIRM
6505 W. Park Blvd.
Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 19-32329-mvl-7 |
| JUPITER MARKETING & TRADING, LLC, | § § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § § | |
| Plaintiff, | § § | ADVERSARY PROCEEDING NO: |
| v. | § § | |
| JAMES H. BALLENGEE; JMLP MANAGEMENT, LLC; JUPITER EQUIPMENT LEASING, LLC; MERIDIAN EQUIPMENT LEASING, LLC; BACCHUS CAPITAL TRADING, LLC; And SILVER FUELS, LLC, | § § § § § § § § | |
| Defendants. | | |

**TRUSTEE'S ORIGINAL COMPLAINT**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Jupiter Marketing & Trading, LLC (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Trustee's Original Complaint* (the "Complaint'), complaining of JMLP Management, LLC, Jupiter Equipment Leasing, LLC, Meridian Equipment Leasing, LLC, Bacchus Capital Trading, LLC, and Silver Fuels, LLC (the "Settling Defendants"), and James H. Ballengee ("Ballengee," together with the Settling Defendants, the "Defendants"), and, for cause and action, would respectfully show as follows:

## I.  PROCEDURAL BACKGROUND

1. On July 12, 2019 (the "Petition Date"), various petitioning creditors filed an involuntary petition against the Debtor, thereby initiating the Bankruptcy Case and creating the Debtor's bankruptcy estate (the "Estate").

2. The Court entered an order for relief on August 23, 2019.

3. The Trustee is the duly appointed trustee of the Debtor and the Estate.

4. The Court has jurisdiction over this Complaint under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). Among other things, each of the Defendants entered into a contract with the Trustee, approved by this Court, which Approval Order (defined below) provides that "the Court shall retain jurisdiction over this matter, including to interpret and enforce the Agreement."

5. To the extent that any matter in this Adversary Proceeding is not core, the Trustee consents to this Court's entry of a final judgment over any and all such matters.

6. Venue of this Adversary Proceeding before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## II.    PARTIES

7.      The Trustee is the duly appointed trustee of the Estate and files this Complaint in such capacity only.

8.      Defendant Ballengee is an individual and a resident of the State of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), Ballengee may be served with process in this Adversary Proceeding wherever he may be found, including his residence at: James H. Ballengee, 6617 Golf Dr., Dallas, Texas 75205.

9.      Defendant JMLP Management, LLC, is a limited liability company organized and existing under the laws of the State of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), it may be served with process in this Adversary Proceeding by and through its registered agent, Morgan Ballengee, as follows: JMLP Management, LLC, c/o Morgan Ballengee, Registered Agent, 2278 Monitor St., Dallas, Texas 75207.

10.     Defendant Jupiter Equipment Leasing, LLC was a limited liability company organized and existing under the laws of the State of Delaware. On June 22, 2022, the Texas Secretary of State filed a notice of tax forfeiture against this entity.[1] Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), this defendant may be served with process in this Adversary Proceeding by and through its manager, as follows: Jupiter Equipment Leasing, LLC, c/o Meridian Equipment Leasing, LLC, Manager, c/o James Ballengee, Registered Agent, 5151 Belt Line Rd., Suite 715, Dallas, Texas 75254.

11.     Defendant Meridian Equipment Leasing, LLC is a limited liability company organized and existing under the laws of the State of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), it may be served with process in this Adversary Proceeding by and

---

[1] The Trustee reserves all rights regarding the same, including to sue any owner of this entity that has personal liability as a result of such forfeiture.

through its registered agent, James Ballengee, as follows: Meridian Equipment Leasing, LLC, c/o James Ballengee, Registered Agent, 5151 Belt Line Rd., Suite 715, Dallas, Texas 75254.

12.    Defendant Bacchus Capital Trading, LLC was a limited liability company organized and existing under the laws of the State of Louisiana. On July 28, 2023, the Texas Secretary of State filed a notice of tax forfeiture against this entity.[2] Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), this defendant may be served with process in this Adversary Proceeding by and through its manager, as follows: Bacchus Capital Trading, LLC, c/o Mary Richardson, Manager, 5151 Belt Line Road, Suite 715, Dallas, Texas 75254.

13.    Defendant Silver Fuels, LLC is a limited liability company organized and existing under the laws of the State of Texas. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), it may be served with process in this Adversary Proceeding by and through its agent and/or registered agent, Mary Kilpatrick, as follows: Silver Fuels, LLC, c/o Mary Kilpatrick, Agent, 5151 Belt Line Road, Suite 715, Dallas, Texas 75254.

### III.    FACTUAL BACKGROUND

14.    Prior to the Settlement Agreement (defined below), the Trustee had used, in this Court, each of the Settling Defendants (defined below) for millions of dollars for various claims and causes of action, including preferences, fraudulent transfers, and other claims.

15.    The Settling Defendants denied liability and extensive discovery and motion practice before this Court resulted.

16.    Thereafter, the Trustee and the Settling Defendants mediated their disputes with former bankruptcy judge Harlin D. Hale. Ballengee attended said mediation as a representative for the Settling Defendants.

---

[2] The Trustee reserves all rights regarding the same, including to sue any owner of this entity that has personal liability as a result of such forfeiture.

17. At said mediation, the parties reached a full and final agreement of their disputes. This agreement was subsequently reduced to writing in the form of the *Settlement Agreement and Release* (the "Settlement Agreement") attached hereto as Exhibit "A."

18. The Trustee, the Settling Defendants, and Ballengee each executed the Settlement Agreement.

19. Thereafter, the Trustee sought the Court's approval of the Settlement Agreement under Bankruptcy Rule 9019. On July 12, 2023, this Court entered its order approving the Settlement Agreement (the "Approval Order"), a true and correct copy of which is attached hereto as Exhibit "B."

20. The Approval Order is final and non-appealable.

21. The Settlement Agreement provides that the Settling Defendants will pay the Trustee, for the benefit of the Estate, the amount of $1,557,000.00 (the "Settlement Amount") no later than September 15, 2023.

22. The Settlement Agreement further provides that the "Settlement Amount is personally guaranteed by [Ballengee]."

23. Prior to the Approval Order, the Settling Defendants or Ballengee paid the Trustee $300,000.00 towards the Settlement Amount, which payment, upon the entry of the Approval Order, was credited against the Settlement Amount as specified in the Settlement Agreement. This left a balance of $1,257,000.00 of the Settlement Amount owing by September 15, 2023.

24. The Settling Defendants failed to pay said amount by said date.

25. On September 20, 2023, the Trustee transmitted a demand letter to the Settling Defendants and to Ballengee, a true and correct copy of which is attached as Exhibit "C," specifying their defaults and demanding payment, including from Ballengee on account of his personal guarantee.

26. Thereafter, the Settling Defendants and/or Ballengee paid the following amounts towards the Settlement Payment: $257,000.00, $200,000.00, and $100,000.00, which payments the Trustee credited against the Settlement Amount.  No further payments have been made.

27. Therefore, $650,000.00 of the Settlement Amount remains due, owing, and unpaid under the Settlement Agreement (the "Unpaid Debt").

28. More than thirty (30) days have passed since the Trustee transmitted notice of default and demand for payment per his September 20, 2023 demand.

29. The Trustee has complied with any obligation or condition under the Settlement Agreement, including by causing his prior lawsuits against the Settling Defendants to be dismissed with prejudice.  No further obligation or condition of the Trustee under the Settlement Agreement remains unsatisfied.

30. The Defendants' defaults have caused other damages to the Estate, including additional fees, expenses, and delays that the Estate will occur by having the Bankruptcy Case open longer than it would be open had the Defendants timely complied with their obligations.  This is because the payment of the Settlement Amount was the last known asset of the Estate and, upon its full payment, the Trustee intended to promptly move towards closing the Bankruptcy Case and paying creditors.

### IV.     CAUSES OF ACTION

**COUNT 1:     BREACH OF CONTRACT (SETTLING DEFENDANTS)**

31. The Trustee incorporates his allegations above.

32. The Settlement Agreement is a written contract between the Trustee and Settling Defendants.  The Trustee has satisfied all obligations and conditions of the Settlement Agreement.  Notwithstanding the same, the Settling Defendants have failed to pay the Settlement Amount by the deadline in the Settlement Agreement, thereby breaching the Settlement Agreement.

33. Notwithstanding said failure, the Settling Defendants or Ballengee have mitigated their default, leaving a remaining default in the amount of Unpaid Debt.

34. Accordingly, the Trustee requests a money judgment for breach of contract against the Settling Defendants, jointly and severally, in the amount of the Unpaid Debt, and for such other and further damages as will be proven at trial.

**COUNT 2:    BREACH OF CONTRACT (BALLENGEE)**

35. The Trustee incorporates his allegations above.

36. The Settlement Agreement is a written contract between the Trustee and Ballengee whereby Ballengee has personally guaranteed the Settlement Payment.

37. The Settling Defendants failed to pay the Settlement Payment by the deadline in the Settlement Agreement, thereby breaching the Settlement Agreement.

38. Ballengee has failed to pay the Settlement Payment pursuant to his personal guarantee in the Settlement Agreement, thereby breaching the Settlement Agreement.

39. To the extent necessary, the Trustee has timely demanded payment of the Settlement Payment from Ballengee, which Ballengee has failed to make.

40. Notwithstanding said failure, the Settling Defendants or Ballengee have mitigated their default, leaving a remaining default in the amount of Unpaid Debt.

41. Accordingly, the Trustee requests a money judgment for breach of contract against Ballengee in the amount of the Unpaid Debt, and for such other and further damages as will be proven at trial.

**COUNT 3:    ATTORNEY'S FEES**

42. The Trustee incorporates his allegations above.

43. The Settlement Agreement provides for an award of the Trustee's attorney's fees incurred to enforce the obligations of the Settling Defendants and Ballengee under the Settlement Agreement.

44. Section 38.001 of the Texas Civil Practice and Remedies Code provides for an award of the Trustee's attorney's fees incurred to enforce the obligations of the Settling Defendants and Ballengee under the Settlement Agreement.

45. Accordingly, the Trustee hereby seeks a money judgment against the Settling Defendants and Ballengee jointly and severally for his reasonable attorney's fees and expenses incurred after September 15, 2023 to collect on the Settlement Agreement, including all such fees and expenses incurred herein.

## V.    PRAYER

WHEREFORE, the Trustee requests that the Defendants be cited to appear and to answer this Complaint and that the Trustee have judgment against the Defendants as follows:

(i) a money judgment against the Settling Defendants, jointly and severally, for the Unpaid Debt;

(ii) a money judgment against Ballengee for the Unpaid Debt;

(iii) reasonable attorney's fees and costs, jointly and severally, against all Defendants;

(iv) prejudgment interest and postjudgment interest as allowed by law; and

(v) such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 7th day of November, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com

-- and --

    Scott M. Seidel, Esq.
    Texas Bar No.
    SEIDEL LAW FIRM
    6505 W. Park Blvd.
    Suite 306
    Plano, Texas 75093
    Telephone: (214) 234-2500

**COUNSEL FOR SCOTT SEIDEL, CHAPTER 7 TRUSTEE**